IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER SCHATZBERG, D.C., *et al.* | : | CIVIL ACTION |
| *Plaintiffs* | : | |
| | : | NO. 10-2900 |
| v. | : | |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | |
| INSURANCE COMPANY, *et al.* | : | |
| *Defendants* | : | |

FILED
MAY 29 2015
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## ORDER

**AND NOW**, this 29th day of May 2015, upon consideration of Plaintiffs' *motion for sanctions*, [ECF 199], Defendants' response in opposition thereto, [ECF 200], Plaintiffs' reply, [ECF 201], and Defendants' sur-reply, [ECF 202], it is hereby **ORDERED** that said motion is **GRANTED**, in part, as follows:[1]

---

[1] In their motion for sanctions filed pursuant to Federal Rule of Civil Procedure ("Rule") 37, Plaintiffs ask this Court to preclude Defendants from introducing at trial any reports, videos, and/or testimony concerning video surveillance conducted of Plaintiffs' facilities and to impose a monetary sanction of $250,000.00. Plaintiffs' motion is premised upon Defendants' untimely production of video surveillance conducted of the Delaware County Pain Management and the Philadelphia Pain Management facilities by agents of Defendants in May of 2009, yet not produced to Plaintiffs until December 29, 2014, more than three months after the close of fact discovery. Significantly, in Defendants' response, counsel admits being "at all times aware of the existence of the surveillance," but argues that the withholding of this evidence was harmless and not done in bad faith because, *inter alia*, Defendants have no intention of using this surveillance evidence at trial. [ECF 200, at ¶80-94].

Rule 37 authorizes courts to impose sanctions for a party's failure to comply with the disclosure and discovery requirements of Rule 26. Specifically, Rule 37(c)(1) provides: "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(c)(1).

Here, Defendants admit to producing the surveillance video at issue after the close of discovery. Indeed, Defendants' counsel admits being aware of the existence of this evidence before the discovery deadline. Notably, Defendants have also admitted, by way of their response to a second motion for

a) Defendants are precluded from introducing into evidence at trial any reports, videos, and/or testimony concerning the video surveillance conducted of Plaintiffs' facilities; and,

b) Defendants shall pay to Plaintiffs the sum of $18,500.00, within twenty (20) days of this Order.

BY THE COURT:

NITZA I. QUIÑONES ALEJANDRO, J.

---

sanctions, [ECF 204], that they failed to produce other documents related to the video surveillance at issue until five months after the close of fact discovery. Notwithstanding these admissions, Defendants attempt to justify their untimely production of this evidence by pointing to their unchallenged objections to Plaintiffs' discovery requests and their contention that they did not intend to use this evidence. This Court rejects these unconvincing attempts to justify the untimely disclosure, as this evidence falls well within the scope of Plaintiffs' numerous discovery requests. In addition, Defendants do not argue, nor can they, that this evidence is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. As such, this evidence should have been timely produced in response to Plaintiffs' discovery requests. Defendants have provided no "substantial justification" for their failure to do so, as required by the Federal Rules of Civil Procedure.

Under the circumstances described, Rule 37 authorizes this Court to preclude Defendants from using the untimely produced surveillance video as evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. This Court finds that Defendants' untimely production was neither substantially justified nor harmless. Notwithstanding Defendants' assertion that they do not intend to use the surveillance evidence, this Court will preclude Defendants from using any evidence obtained from the surveillance either in a motion, at a hearing, or at a trial.

As sanction for Defendants' intentional, untimely production of the video surveillance, this Court has considered Plaintiffs' additional costs and attorneys' fees associated with more than 50 hours of billed attorney time needed to draft and file the underlying motion, and to review new and previously produced documents for information relating to the surveillance. Consistent with Rule 37's authorization, this Court has considered the Third Circuit Court of Appeals' approval of the use of the well-developed fee schedule rates established by Community Legal Services, Inc. ("CLS"), as one that fairly reflects the prevailing market rates in Philadelphia. *Cf. Maldonaldo v. Houstoun*, 256 F.3d 181, 187-88 (3d Cir. 2001). The current CLS fee schedule provides hourly rate ranges of $180.00-$200.00 for attorneys with less than two years of experience and $600.00-$650.00 for attorneys with more than 25 years of experience. This Court notes that Plaintiffs' primary counsel, Anthony J. Baratta, has more than 24 years of experience. However, Plaintiffs have offered little information or documentation to substantiate the requested $250,000.00 amount as a monetary sanction. As such, this Court will use an hourly rate of $300.00 to impose a monetary sanction of $18,500.00, as authorized by Rule 37(c)(1)(A). This Court finds this to be the amount reasonably incurred by Plaintiffs as a result of Defendants' discovery violation, and will, *hopefully*, serve to deter any further violations.

2